## COMMONWEALTH *vs.* JACOB N. LINCOLN.

A person who obtains money upon a mortgage of personal property which he falsely represents that he owns may be convicted of obtaining money by false pretences, under Gen. Sts. *c.* 161, § 54.

An indictment for obtaining money by false pretences may be sustained which simply alleges the obtaining of "forty-six dollars of the money of" the person defrauded, without setting forth that it was in coin, or bank bills, or United States treasury notes.

An indictment which alleges, in proper form, that the defendant falsely represented that he owned certain personal property, with intent to obtain a loan of certain money from another, and that he offered to mortgage the same as security for the money, and that such other person, believing the representations to be true, by reason thereof lent the money to the defendant, in consideration of the mortgage, sufficiently shows that the money was lent by reason of the false pretences; and the averment that it was in consideration of the mortgage is not inconsistent therewith.

INDICTMENT for obtaining money by false pretences. The material parts of the indictment were as follows :

" The jurors for the said commonwealth on their oath present, that Jacob N. Lincoln of, &c., on, &c., at, &c., unlawfully, knowingly and fraudulently designing and intending, by the false pretences hereinafter named and set forth, to injure and defraud one Matilda K. Shepard, feloniously, unlawfully, knowingly and designedly did falsely pretend to said Matilda K. Shepard that a certain covered wagon which he the said Jacob N. Lincoln then and there had in his possession was then and there the property of him the said Jacob N. Lincoln, and was then and there owned by him the said Jacob N. Lincoln, with intent then and there thereby to obtain from said Matilda K. Shepard the sum of forty-six dollars, of the money and property of her the said Matilda K. Shepard, which she then and there had in her possession, upon a mortgage and pledge of said covered wagon to be then and there made by said Jacob N. Lincoln to said Matilda K. Shepard, and which said Jacob N. Lincoln then and

there proposed and offered to make and give to said Matilda K. Shepard as security for the said sum of forty-six dollars, and for the purpose and with the design then and there thereby of obtaining from said Matilda K. Shepard the sum of forty-six dollars, of the money and property of her the said Matilda K. Shepard, then and there in her possession as aforesaid, upon a mortgage and pledge of said covered wagon as security for said sum of forty-six dollars, and to induce the said Matilda K. Shepard to advance and loan then and there to him the said Jacob N. Lincoln, upon the mortgage, pledge and security aforesaid, the said sum of forty-six dollars.

"And the said Matilda K. Shepard then and there believing the said false pretence of him the said Jacob N. Lincoln, so made as aforesaid, to be true, and being then and there deceived thereby, and being induced then and there thereby to advance and loan to him the said Jacob N. Lincoln the said sum of forty-six dollars, of the money and property of her the said Matilda K. Shepard, did then and there by reason of the false pretence aforesaid, so by said Jacob N. Lincoln to her made as aforesaid, advance, loan and deliver to him the said Jacob N. Lincoln the sum of forty-six dollars, of the money and property of her the said Matilda K. Shepard, and of the value of forty-six dollars, upon, for and in consideration of a mortgage and pledge of said covered wagon then and there made by said Jacob N. Lincoln to said Matilda K. Shepard, as and for security for said sum of forty-six dollars; and the said Jacob N. Lincoln did then and there unlawfully, knowingly and designedly, fraudulently make and deliver to said Matilda K. Shepard a mortgage and pledge of the said covered wagon as and for security for the said sum of forty-six dollars so as aforesaid advanced, loaned and delivered by said Matilda K. Shepard to said Jacob N. Lincoln, with intent then and there thereby to injure, cheat and defraud said Matilda K. Shepard; and the said Matilda K. Shepard by reason of the false pretence aforesaid, and being deceived thereby, did receive the pledge and mortgage of said covered wagon so by said Jacob N. Lincoln made as aforesaid, as and for security for the said sum of forty-six

dollars, so as aforesaid by her advanced, loaned and delivered to said Jacob N. Lincoln. And the said Jacob N. Lincoln did then and there unlawfully, knowingly and designedly, fraudulently obtain and receive from the said Matilda K. Shepard the said sum of forty-six dollars, of the money and property of her the said Matilda K. Shepard, by means of the false pretences aforesaid, and upon, for and in consideration of the mortgage and pledge of the covered wagon aforesaid therefor, as security therefor, by him the said Jacob N. Lincoln then and there made and given as aforesaid to her the said Matilda K. Shepard, and by her the said Matilda K. Shepard then and there received as security for the said sum of forty-six dollars, with intent then and there to injure, cheat and defraud said Matilda K. Shepard.

" Whereas in truth and in fact the said covered wagon was not then and there the property of him the said Jacob N. Lincoln ; and whereas in truth and fact the said covered wagon was not then and there owned by him the said Jacob N. Lincoln, as he the said Jacob N. Lincoln then and there well knew."

To this indictment the defendant demurred, and assigned the following causes of demurrer :

1. Because the only false pretence set forth is, that the defendant said he owned the wagon, whereas a false assertion as to title at the time of a bargain is not a false pretence within the statute.

2. Because the indictment only sets forth that Shepard delivered and the defendant received and obtained forty-six dollars ; 't should state that she delivered " various bank bills or treasury notes or gold," and that he received and obtained the same " of the value of forty-six dollars."

3. Because it appears by the indictment that the money was advanced to the defendant as a loan upon certain security, to wit, the mortgage. The mortgage, therefore, and not the false pretence, was what induced Shepard to part with her money. He merely got a loan. At all events, she is presumed in law to rely on her mortgage, and not on the false pretence.

4. The indictment shows that the false pretence was made

with a view to negotiate the mortgage; the object of the false pretence was the inducing her to take the mortgage; the object of the mortgage was money. In law, the money is too remote to be the object of the false pretence. By the false pretence he only got credit; he got money by the mortgage.

5. The indictment alleges that he obtained the money by means of the false pretence, and upon, for and in consideration of the mortgage as security therefor. It should have been charged that she was induced to part with her money, and he obtained it, by means of the false pretence alone. And further charging that he obtained the money upon security is repugnant. The false pretence must have been the operative cause of the transfer.

6. The mortgage should have been set forth.

7. The indictment should have alleged *in totidem verbis* that Lincoln pretended he had sufficient title to the wagon to enable him to give her a good and valid mortgage thereon.

8. In that part of the indictment which charges the defendant with obtaining the money, the intent to cheat and defraud is not stated.

This demurrer was overruled, and the defendant, having been tried and found guilty, appealed to this court.

*A. W. Boardman*, for the defendant.

*Reed*, A. G., for the Commonwealth.

DEWEY, J. The court are of opinion that this indictment may be sustained, and that it sufficiently alleges a criminal offence made punishable by Gen. Sts. *c.* 161, § 54. The General Statutes and the previous statutes (Rev. Sts. *c.* 126, § 32, and *St.* 1815, *c.* 136, § 1) greatly extended the class of cases which are punishable as the offence of obtaining property by false pretences. These statutes have often been applied to false representations made upon the sale of property although their application to cases of ordinary contracts of this kind may be somewhat qualified. But in *Commonwealth* v. *Strain*, 10 Met. 523, the court had no doubt that where money was obtained by a sale of property effected by means of false pretences it was within the statute. The only difficulty there was, that the

.ndictment did not set out the means sufficiently. The false representation was, that the watch offered for sale was a gold watch, by means of which he obtained the money of the other party. In *Commonwealth* v. *Nason*, 9 Gray, 125, an indictment charging as a false pretence that a certain metallic substance which the defendant then had was a good and current gold coin, and that the person to whom the pretence was made, being deceived thereby, was thereby induced to receive the same as a good and current gold coin, and to deliver to the defendant in exchange therefor certain property, was sustained. In *Regina* v. *Burgon*, 7 Cox Crim. Cas. 131, a false representation as to property offered and accepted as security for a loan of money was held an offence within the statute punishing the obtaining of property by false pretences. *State* v. *Dorr*, 33 Maine, 498, is to the like effect. See also *Regina* v. *Dennison*, 9 Cox Crim. Cas. 158. The false pretence that the defendant was the owner of the wagon was an essential fact in this case, and the means by which the money was obtained.

It is not to be assumed that every alleged representation or false statement made at the time of obtaining the property of another is to be treated as the criminal offence of obtaining goods by false pretences. Proper limitations must be applied to cases as they occur. The present case seems to us to be embraced by the statute, it being both within the letter and the spirit of it. The fact that this was a conditional sale of the wagon can make no difference. The offence charged is, that the defendant obtained the money by false representations as to his ownership of the wagon; and whether the same was obtained by an absolute or conditional sale is immaterial, in reference to the nature of the offence.

No ground exists for the objection to this indictment, that it only sets forth that Matilda K. Shepard delivered and the defendant received from her forty-six dollars of the money and property of the said Shepard. *Regina* v. *Giles*, 10 Cox Crim. Cas. 44.

The indictment sufficiently alleges that the money was advanced and lent to the defendant by reason of the false pretence

set forth. By the effect of it the mortgage was made as incidental to the loan, and without it no money would have been lent.

. In that part of the indictment which charges the defendant with obtaining the money, the intent to cheat and defraud is sufficiently stated. *Demurrer overruled.*